In the Matter of AUGUSTUS STUDER, as Trustee of NEW JERSEY MIDLAND RAILWAY COMPANY, Appellant, against FRANK C. MOORE, as Comptroller of the State of New York, Respondent.— Appeal from an order of the Supreme Court, Albany County Special Term, denying petitioner's motion for an order in the nature of mandamus to compel the State Comptroller to accept or reject a claim filed under the Abandoned Property Law. Appellant is a substituted trustee of the New Jersey Midland Railway Company, appointed by the court of Chancery of the State of New Jersey in place of George S. Coe, who died in 1896. At the time of Coe's death there was on deposit to his credit as trustee in a bank in New York City in two different accounts the sums of $2,079.92 and $3,856.37. In 1938, these sums were transferred, as abandoned funds, to the Comptroller of the State of New York, pursuant to section 127 of the Banking Law then in force. In June, 1944, appellant filed a claim for the funds with the Comptroller. This claim was denied. Subsequently appellant commenced an action in the United States District Court to obtain possession of the funds. His action was dismissed. In August, 1946, appellant filed another claim with the Comptroller, who declined to consider it on the ground that it was substantially the same as the first claim and appellant's time to apply for a redetermination of the first claim under the Abandoned Property Law (§ 1406) had long since expired. The court below held that the Comptroller did not fail to perform a duty enjoined upon him by law in refusing to consider the second claim. Order affirmed, without costs. Heffernan, Brewster, Foster and Deyo, JJ., concur; Hill, P. J., dissents, with the following memorandum: The Chancery Court of New Jersey exercised its jurisdiction by appointing a substitute trustee on April 4, 1944. That trustee is entitled to the possession of this fund. The Comptroller of the State of New York is without authority to seize funds in the custody of the court in a sister State.